# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

REJANAH V. STEWARD,
>            Appellant,

>            v.

DEPARTMENT OF THE ARMY,
>            Agency.

DOCKET NUMBER
AT-1221-16-0383-W-1

DATE: September 30, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Aisha Sanders</u>, Natchez, Mississippi, for the appellant.

<u>Allison M. Brewer</u> and <u>Daniel L. Egger</u>, Vicksburg, Mississippi, for
the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which
dismissed her individual right of action (IRA) appeal for lack of jurisdiction.
Generally, we grant petitions such as this one only when:  the initial decision
contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law.  Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions.  In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      The appellant formerly was employed as a General Engineer with the U.S. Army Corps of Engineers, Technology Advancement Division, Office of Research and Technology Transfer, Engineering and Research Development Center (ERDC) until July 23, 2015, when the agency terminated her employment during her probationary period.  Initial Appeal File (IAF), Tab 1 at 13.  She filed this IRA appeal alleging that her employment was terminated in reprisal for a protected disclosure that she made to a human resources representative.  *Id.* at 4, 6, 13, 29.[2]

¶3      The appellant contended that her alleged disclosure to human resources stemmed from two prior incidents.  The first incident related to her executing a classified information nondisclosure agreement (NDA).  IAF, Tab 4 at 4.  The appellant believed that she was asked to sign the NDA without a witness in

---

[2] The record reflects that, prior to filing her IRA appeal, the appellant exhausted her administrative remedy with the Office of Special Counsel.  IAF, Tab 1, Tab 10, Initial Decision at 2−4.

violation of security policy and also that, prior to signing the NDA, she was given an unapproved document to review. *Id.* at 4−6. The second incident relates to a meeting during which her supervisor informed her that she had heard from other employees that the appellant had circulated a rumor that her supervisor was having an affair with another employee. *Id.* at 7. The appellant contended that these rumors about her were unfounded, but that her supervisor refused to conduct an investigation, and instead informed the appellant that this is "ERDC culture" and that she just wanted the appellant to be aware of what other employees were saying about her. *Id.*

¶4      According to the appellant, as a result of the security incident and the remarks regarding the "ERDC culture," in July 2015, she contacted human resources "to inquire if ERDC had a corporate culture change committee and how she could participate in hopes of helping the new ERDC employees better understand Army Regulations, policies, and other documents that may present interpretation difficulty." *Id.* at 8. She further contended that she believed that the human resources representative reached out to ERDC personnel and notified them of such contact without sharing her name, and that agency officials retaliated against her by terminating her employment. IAF, Tab 1 at 26, Tab 4 at 8.

¶5      Without holding the appellant's requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 10, Initial Decision (ID). The administrative judge found that the appellant had exhausted her administrative remedies with the Office of Special Counsel (OSC), but had failed to nonfrivolously allege that she made a protected disclosure because she did not claim, and the record did not suggest, that she reasonably believed that her contact with human resources evidenced a violation of any law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. ID at 2, 4. The administrative judge further found that, even assuming that the appellant had

made nonfrivolous allegations of a protected disclosure, she failed to nonfrivolously allege that her protected disclosure was a contributing factor in her termination because she did not offer evidence showing that the agency management official who issued the termination letter was aware of her protected disclosure. ID at 4−5.

¶6        The appellant has filed a petition for review in which she disputes the administrative judge's finding that she failed to nonfrivolously allege that she disclosed gross mismanagement and an abuse of authority.[3] Petition for Review (PFR) File, Tab 1 at 12−14. The agency has opposed the appellant's petition. PFR File, Tab 5. The appellant has filed a reply.[4] PFR File, Tab 6.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7        The Board has jurisdiction over an IRA appeal if the appellant exhausts her administrative remedies before OSC and makes nonfrivolous allegations that: (1) she made a disclosure described under 5 U.S.C. § 2302(b)(8), or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). 5 U.S.C. §§ 1214(a)(3),1221(e)(1); *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).

¶8        A nonfrivolous allegation of a protected disclosure is an allegation of facts that, if proven, would show that the appellant disclosed a matter that a reasonable person in her position would believe evidenced one of the categories of wrongdoing specified in 5 U.S.C. § 2302(b)(8). *Salerno v. Department of the*

---

[3] The appellant also has filed a supplement to her petition for review, which we have considered. Petition for Review (PFR) File, Tab 3. With her petition and supplement to her petition, she resubmits exhibits that are already part of the record below. PFR File, Tabs 1, 3.

[4] With her reply, the appellant submits exhibits that are already part of the record. PFR File, Tab 6 at 10−34.

*Interior*, [123 M.S.P.R. 230](#), ¶ 6 (2016). The test to determine whether a putative whistleblower has a reasonable belief in the disclosure is an objective one: whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions of the agency evidenced a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. *Id.*

¶9      On review, the appellant contends that she disclosed gross mismanagement and an abuse of discretion. PFR File, Tab 1 at 12−14. Gross mismanagement means more than de minimis wrongdoing or negligence; it means a management action or inaction that creates a substantial risk of significant adverse impact on the agency's ability to accomplish its mission. *Swanson v. General Services Administration*, [110 M.S.P.R. 278](#), ¶ 11 (2008). An abuse of authority occurs when there is an arbitrary or capricious exercise of power by a Federal official or employee that adversely affects the rights of any person or results in personal gain or advantage to himself or preferred other persons. *Linder v. Department of Justice*, [122 M.S.P.R. 14](#), ¶ 15 (2014).

¶10     We agree with the administrative judge that the appellant's inquiry to human resources about a corporate culture change committee fails to amount to a nonfrivolous allegation that she made a protected disclosure. As the administrative judge found, the appellant did not raise any argument below as to how her contact with human resources constituted a protected disclosure. ID at 4. To the extent the appellant raises new arguments for the first time on review, we need not consider them because she has not shown that they are based on new and material evidence not previously available despite her due diligence. *Banks v. Department of the Air Force*, [4 M.S.P.R. 268](#), 271 (1980). However, even considering the appellant's arguments on review, we find that she has failed to nonfrivolously allege that she made a protected disclosure.

¶11 On review, the appellant contends that her supervisors abused their authority by harassing and alienating her when she tried to clarify the proper procedure for signing the NDA. PFR File, Tab 1 at 14. However, she has not alleged that she reported this alleged abuse of authority to the human resources specialist in the context of her alleged disclosure.

¶12 The appellant also contends that her disclosure to human resources evidenced gross mismanagement. In particular, she contends that it was gross mismanagement for agency officials to fail to follow Army regulations regarding the signing of the NDA and that she referenced this security incident in her disclosure to human resources by referring to the corporate culture change committee. *Id*. at 13−14. Beyond inquiring about a corporate culture change committee, the appellant has not alleged that she provided human resources with any details concerning the alleged security incident, and we agree with the administrative judge that a reasonable person would not believe that a general inquiry about a corporate culture change committee evidenced a disclosure of gross mismanagement.

¶13 Accordingly, we affirm the initial decision dismissing the appeal for lack of jurisdiction.[5]

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court

---

[5] In light of our finding, we need not address the appellant's arguments concerning the administrative judge's finding that she failed to nonfrivolosuly allege that her protected disclosure was a contributing factor in her termination. PFR File, Tab 1 at 14−15, Tab 6 at 6−7.

has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:
http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:         _____
                       Jennifer Everling
                       Acting Clerk of the Board

Washington, D.C.